**WO**                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Charles C. Gibson, | ) | No. CV 08-1811-PHX-GMS (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joe Arpaio, et al., | ) | |
| Defendants. | ) | |

Plaintiff Charles C. Gibson, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $28.07. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief

**JDDL-K**

against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III.    Complaint**

Plaintiff names the following Defendants in the Complaint: (1) Maricopa County Sheriff Joe Arpaio; (2) Chief of Custody Gerard Sheridan; (3) Chief of Enforcement Larry Black; (4) Chief of Special Operations Jesse Locksa; (5) Chief Deputy David A. Hendershott; (6) Director of Administration; (7) Intergovernmental Relations Director Jack MacIntyre; and (8) the Maricopa County Board of Supervisors.

Plaintiff alleges six grounds for relief, stemming from his incarceration in Maricopa County Jail: (1) Plaintiff received insufficient and spoiled food; (2) because of overcrowding, Plaintiff was denied access to the dayroom; (3) Plaintiff was denied indigent legal supplies; (4) Plaintiff was denied access to the courts; (5) Plaintiff was housed in a dormitory with 104 pretrial detainees, making it difficult for him to sleep; and (6) Plaintiff was housed in the intake area for more than 24 hours without a blanket or mattress, and without sufficient bathroom facilities relative to the number of inmates housed in that area. Plaintiff seeks money damages.

1  **IV.    Failure to State a Claim**
2      **A.    Failure to Link Injuries with Defendant**s
3      To state a valid claim under § 1983, plaintiffs must allege that they suffered a
4  specific injury as a result of specific conduct of a defendant and show an affirmative link
5  between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362,
6  371-72, 377 (1976).  To state a claim against a supervisory official, the civil rights
7  complainant must allege that the official personally participated in the constitutional
8  deprivation or that a supervisory official was aware of widespread abuses and with
9  deliberate indifference to the inmate's constitutional rights, failed to take action to
10 prevent further misconduct.  King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see
11 Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978).
12 There is no *respondeat superior* liability under § 1983, and therefore, a defendant's
13 position as the supervisor of persons who allegedly violated Plaintiff's constitutional
14 rights does not impose liability.  Monell, 436 U.S. 658; Hamilton v. Endell, 981 F.2d
15 1062, 1067 (9th Cir. 1992);  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).
16     Plaintiff does not allege that any of the named Defendants personally participated
17 in the deprivation of Plaintiff's constitutional rights, were aware of such deprivation and
18 failed to act, or that any of the Defendants formed polices that resulted in Plaintiff's
19 injuries. Accordingly, Plaintiff has failed to state a claim against the named Defendants.
20     **B.    Constitutional Violation**
21     In order to recover under § 1983, a plaintiff must show: (1) the violation of a right
22 protected by the Constitution or federal law; (2) that was proximately caused; (3) by
23 conduct of a "person" named as a defendant; (4) acting under color of state law.  See
24 Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).  Plaintiff has not alleged a
25 violation of a constitutional right in any of his claims.
26     Plaintiff should note that a pretrial detainee's claim for unconstitutional conditions
27 of confinement arises from the Fourteenth Amendment Due Process Clause rather than
28 from the Eighth Amendment prohibition against cruel and unusual punishment.  Bell v.

1  Wolfish, 441 U.S. 520, 535 (1979).  Nevertheless, the same standards are applied,
2  requiring proof that the defendant acted with deliberate indifference.  See Frost v. Agnos,
3  152 F.3d 1124, 1128 (9th Cir. 1998).

4  To state a claim of deliberate indifference, plaintiffs must meet a two-part test.
5  First, the alleged constitutional deprivation must be, objectively, "sufficiently serious";
6  the official's act or omission must result in the denial of "the minimal civilized measure
7  of life's necessities."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  These are
8  "deprivations of essential food, medical care, or sanitation" or "other conditions
9  intolerable for prison confinement."  Rhodes v. Chapman, 452 U.S. 337, 348 (1981).  To
10 determine whether a violation has occurred, a Court should consider the circumstances,
11 nature and duration of a deprivation of these necessities.  Johnson v. Lewis, 217 F.3d 726,
12 731 (9th Cir. 2000).  "The more basic the need, the shorter the time it can be withheld."
13 Hoptowit v. Ray, 682 F.2d 1287, 1259 (9th Cir. 1982).

14 Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*,
15 he must act with deliberate indifference to inmate health or safety.  Farmer, 511 U.S. at
16 834.  In defining "deliberate indifference" in this context, the Supreme Court has imposed
17 a subjective test: "the official must both be aware of facts from which the inference could
18 be drawn that a substantial risk of serious harm exists, and he must also draw the
19 inference."  Id. at 837 (emphasis added).

20 An access-to-the-courts claim arises under the First Amendment.  To establish that
21 he was denied meaningful access to the courts, a plaintiff must submit evidence showing
22 that he suffered an "actual injury" as a result of the defendants' actions.  See Lewis v.
23 Casey, 518 U.S. 343 (1996). An "actual injury" is "actual prejudice with respect to
24 contemplated or existing litigation, such as the inability to meet a filing deadline or to
25 present a claim." Id. at 348. To show actual injury with respect to contemplated
26 litigation, the plaintiff must demonstrate that the conduct of the defendants prevented him
27 from bringing to court a nonfrivolous claim that he wished to present. Id. at 352-53.  That
28 nonfrivolous claim must be a direct or collateral attack on the inmate's sentence, or a

JDDL-K

- 4 -

1 challenge to the conditions of his confinement. Id. at 355.  "Impairment of any *other*
2 litigating capacity is simply one of the incidental (and perfectly constitutional)
3 consequences of conviction and incarceration." Id. (emphasis in original).

### C.     Hart v. Hill/Graves v. Arpaio

In each claim, Plaintiff alleges violations of "Hart v. MCSO."  The Court assumes that Plaintiff intends to refer to the class action Hart v. Hill, now Graves v. Arpaio, CIV 77-0479-PHX-NVW (MS).

With respect to any injunctive relief sought by Plaintiff in connection with the rights enumerated in the Amended Judgment of the class action Graves v. Arpaio, that relief may only be sought or enforced within the original case.  The Amended Judgment in the class action precludes Plaintiff from seeking separate and individual injunctive relief.

With respect to any claim for monetary damages, Graves v. Arpaio provides no independent cause of action.  Although the class action does not foreclose an individual complaint for damages, see Hiser v. Franklin, 94 F.3d 1287 (9th Cir. 1997), Plaintiff must demonstrate some right of action and legal entitlement to the monetary damages he seeks.  In a case challenging the conditions of confinement of pretrial detainees, the most likely source of a right to sue (of which Plaintiff has availed himself in this action) is 42 U.S.C. § 1983.  However, in order to state a claim under § 1983, Plaintiff must allege a cognizable constitutional claim.  As discussed above, Plaintiff has failed to state such a constitutional claim.

### V.     Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

1    In any amended complaint, Plaintiff must write short, plain statements telling the
2    Court: (1) the constitutional right Plaintiff believes was violated; (2) name of the
3    Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4)
4    how the action or inaction of that Defendant is connected to the violation of Plaintiff's
5    constitutional right; and (5) what specific injury Plaintiff suffered because of that
6    Defendant's conduct. Rizzo, 423 U.S. at 371-72, 377 (1976).

7    Plaintiff must repeat this process for each person he names as a Defendant. If
8    Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
9    injury suffered by Plaintiff, the allegation against that Defendant will be dismissed for
10   failure to state a claim. Further, Plaintiff must comply with any specific directions set out
11   by the Court in its discussion of individual claims. Conclusory allegations that a
12   Defendant or group of Defendants have violated a constitutional right are not acceptable,
13   and will be dismissed.

14   Plaintiff must clearly designate on the face of the document that it is the "First
15   Amended Complaint." The first amended complaint must be retyped or rewritten in its
16   entirety on the court-approved form and may not incorporate any part of the original
17   Complaint by reference. Plaintiff may include only one claim per count.

18   A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet,
19   963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896
20   F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original
21   complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised
22   in the original complaint is waived if it is not raised in a first amended complaint. King,
23   814 F.2d at 567.

24   **VI.  Warnings**
25       **A.  Release**
26   Plaintiff must pay the unpaid balance of the filing fee within 120 days of his
27   release. Also, within 30 days of his release, he must either (1) notify the Court that he
28   intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to

JDDL-K                                              - 6 -

1  comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government

agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $28.07.

(3)   The Complaint (Doc. #1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)   If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

(5)   The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)   The Clerk of Court must update the docket to reflect Plaintiff's inmate number: 211489.  The Clerk of Court must also resend a copy of the Notice of Assignment to Plaintiff using the address listed on the docket and Plaintiff's inmate number.

DATED this 21st day of October, 2008.

*G. Murray Snow*
G. Murray Snow
United States District Judge